UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO LOZANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) 25-10884-FDS |
| | ) |
| MICHAEL VAN DAM, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER ON DEFENDANTS' MOTIONS TO DISMISS

**SAYLOR, J.**

This is, in substance, a challenge to the adjudication of a property sale in bankruptcy. The property in question, 54 Bicknell Street in Dorchester, Massachusetts, is the current home of plaintiff Mario Lozano. The complaint alleges that defendant Michael Van Dam, an attorney, conspired to defraud the bankruptcy court, and that defendant Pilar Sanchez benefited from that scheme. Plaintiff is proceeding *pro se*.

Defendants have moved to dismiss the complaint for lack of subject-matter jurisdiction because all parties reside in Massachusetts and the complaint alleges no federal claim. Plaintiff does not contest that the parties do, in fact, all reside in Massachusetts. (ECF 15). Instead, he asserts that the court has inherent jurisdiction to remedy fraud on the court. (*Id.* at 2).

On its face, the complaint alleges "fraud, conspiracy to commit fraud, and conspiracy" by the defendants. (Compl. at 1). Conspiracy to commit fraud and conspiracy are crimes, not civil causes of action. And fraud is a state-law tort. Based on the allegations in the complaint, the declaration of defendant Van Dam, and the representations of defendant Sanchez, there appears to be no diversity of citizenship among the parties under the meaning of 28 U.S.C. § 1332.

(Compl. at 1-2; ECF 9 Ex. 1; ECF 13 at 3; ECF 15 at 2).  Without a federal cause of action, then, the Court lacks subject-matter jurisdiction over the case.

The complaint does refer to violations of federal constitutional and civil rights law. (Compl. at 14).  However, it levies those allegations against non-parties to this action—the bankruptcy judge and the magistrate judge reviewing a prior appeal.  (*Id.*).  Those allegations therefore cannot serve as a basis for the exercise of jurisdiction here.

It is true that the complaint appears to challenge at least one ruling of the bankruptcy judge and the truth of representations made by defendants in that action.  Federal law does grant plaintiff the right to appeal from a decision of the bankruptcy court.  *See* 28 U.S.C. § 158(a).  To invoke that jurisdiction, in the absence of leave to appeal, an appellant must "fil[e] a notice of appeal with the bankruptcy clerk within the time allowed[.]" Fed. R. Bankr. P. 8003(a)(1).  That notice of appeal must, among other things, "conform substantially to Form 417A," and "be accompanied by the judgment—or the appealable order or decree—from which the appeal is taken[.]" Fed. R. Bankr. P. 8003(a)(3).  Those requirements are not met here. Therefore, even to the extent that the *pro se* complaint is liberally construed as an appeal from the bankruptcy court, it still must be dismissed.

Accordingly, defendants' motions to dismiss the complaint are GRANTED.

**So Ordered.**

Dated:  August 13, 2025

/s/  F. Dennis Saylor IV  
F. Dennis Saylor IV  
United States District Judge